**IN THE UNITED STATES DISTRICT COURT** FILED
**FOR THE DISTRICT OF NEW MEXICO** UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

JAMES WILLIE SINGLETON,                                    04 JUN -8 PM 1: 22

      Plaintiff,                                          CLERK-ALBUQUERQUE

v.                                                        . No. CIV-04-0036 MV/ACT

STATE OF NEW MEXICO CORRECTION
DEPARTMENT (S.N.M.C.F.),
MEDICAL DEPARTMENT AT (S.N.M.C.F.)
Addus Health Care Services,

      Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court *sua sponte*, under 28 U.S.C. § 1915(e)(2), Fed.R.Civ.P. 12(b)(6), and 42 U.S.C. § 1997e(a), to review Plaintiff's civil rights complaint. Plaintiff is incarcerated, appearing pro se, and proceeding in forma pauperis. For the reasons below, Plaintiff's complaint will be dismissed without prejudice.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if the action . . . is frivolous or malicious; [or] fails to state a claim upon which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed.R.Civ.P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). Furthermore, according to the provisions of 42 U.S.C. § 1997e(a), "No action shall be brought with respect to prison conditions . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative



remedies as are available are exhausted." In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint alleges that Plaintiff suffered serious injuries when he was attacked by other inmates. His claims arise from allegedly delayed and inadequate medical treatment of his injuries, in violation of the Eighth Amendment. Plaintiff seeks damages.

An inmate must exhaust available administrative remedies before prosecuting an action in this Court. As noted above, "No action shall be brought with respect to prison conditions . . . until such administrative remedies as are available are exhausted." § 1997e(a). Recent Supreme Court decisions confirm that administrative remedies must be exhausted in all prisoner cases. *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001) The Court initially reviews the complaint for compliance with this statutory requirement.

In his complaint Plaintiff checked "Yes" to the question of whether he exhausted administrative remedies. The only factual allegation in support of this response is that he filed a civil complaint in state court. Under a recent Tenth Circuit opinion, a prisoner's allegations of exhaustion must meet the pleading standards of Fed.R.Civ.P. 8. *Steele v. Federal Bureau of Prisons*, 355 F.3d 1204, 1210 (10th Cir. 2003). Furthermore, a prisoner must " 'attach[] a copy of the applicable administrative dispositions to the complaint, or, in the absence of written documentation, describe with specificity the administrative proceeding and its outcome.' " *Id.* (quoting *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000). Otherwise his complaint fails to state a claim upon which relief may be granted. *Steele*, 355 F.3d at 1210 (quoting *Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998)). The instant complaint does not satisfy either of these requirements, and Plaintiff's

2

state court litigation does not aid his assertion of exhaustion. *See Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002) ("Nor is his argument that he gave notice of his claims to various Defendants by means other than the grievance process persuasive--the doctrine of substantial compliance does not apply."). Plaintiff's allegations do not state a claim under Fed.R.Civ.P. 12(b)(6). The complaint will be dismissed without prejudice to filing an amended complaint that describes Plaintiff's attempts to exhaust available administrative remedies.

IT IS THEREFORE ORDERED that Plaintiff's complaint is DISMISSED without prejudice to his filing, within fifteen (15) days from entry of this order, an amended complaint that describes his attempts to exhaust available administrative remedies; and the Clerk is directed to send Plaintiff a form § 1983 complaint with instructions.

_____
UNITED STATES DISTRICT JUDGE